UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ALBERT DAVIS, A.F. DAVIS LAW, | ) | Bkrtcy. Case No. 17-21208 |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **Cause No. 2:23cv129-PPS** |
| | ) | |
| JERROLD BRUCE CARRINGTON, | ) | |
| Appellee. | ) | |
| | ) | |

## **OPINION AND ORDER**

Albert Davis appeals a Bankruptcy Court Order granting a motion to avoid a judicial lien under § 522(f) of the Bankruptcy Code. I'm affirming that bankruptcy order because Davis' contingent future interest in property held as tenants by the entireties impairs an exemption. Judge Ahler was therefore correct in granting the motion to avoid the lien.

### **Background**

The facts are not disputed, but rather stipulated by the parties and summarized in the Bankruptcy Court's order. Here's what's happened in this prolonged fight: Davis is a lawyer who represents himself in this matter. Way back on August 28, 2012, a judgment was entered against the Debtor, Jerrold Carrington, in favor of Davis in the amount of $78,000 in California. *Davis v. Carrington*, Case Number 2:11-CV-0818-SJO-AGR (Central District California). Davis subsequently recorded the California judgment in Indiana in 2013 (Case 45C01-1704-MI-00117 in Lake County Circuit Court). However, Carrington didn't pay his debt to Davis.

Several years later, on May 1, 2017, Carrington filed a petition under Chapter 13 of the United States Bankruptcy Code. In Schedule C of his petition, Carrington exempted his interest in his home pursuant to Ind. Code § 34-55-10-2(c)(5) (the "entireties exemption") and Ind. Code § 34-55-10-2(c)(1) (the "homestead exemption"). (For ease of reference, I will refer to the home as the "Property" in this opinion.) The Chapter 13 Trustee objected to Carrington claiming both the entireties exemption and the homestead exemption so in response, Carrington amended his Schedule C and exempted only his entireties interest in the Property. It is important to note that Carrington has owned the Property as a tenant by the entirety with his spouse at all relevant times.

Mr. Davis filed a proof of claim in Carrington's bankruptcy case in the amount of $104,700.28 (the "Davis Judicial Lien"). (The Davis Judicial Lien had ballooned over the years due to interest.) In Claim No. 3, Davis asserted that his debt was secured by the Property. On November 16, 2017, Carrington objected to Claim No. 3, arguing the claim was unsecured. The parties agreed the Bankruptcy Court should resolve, as a matter of law, the dispute regarding whether Claim No. 3 was secured or not.

On October 25, 2018, the judge who was then assigned to the case, the Hon. Kent Lindquist, issued a memorandum and opinion finding that Claim No. 3 was *not* presently secured. Davis filed a notice of appeal. On August 28, 2019, the district court issued its opinion and order in *Davis v. Carrington*, 2:18-cv-417-HAB, 2019 WL 4090224, at *1 (N.D. Ind. Aug. 28, 2019). Judge Brady determined that Claim No. 3 *was* presently

2

secured, and reversed the Bankruptcy Court. *Id.* In other words, Judge Brady found that Carrington had an individual future contingent interest in the Property, to which the Davis lien had attached. The Court remanded the matter back to the Bankruptcy Court for further findings on whether the Debtor's future contingent interest in the Property was exempt, or whether the Davis Judicial Lien could be avoided. Debtor Carrington attempted to appeal Judge Brady's order to the Seventh Circuit, but they stiff-armed him noting that "it appears that appellant must wait for the Bankruptcy Court to resolve these matters before he can appeal to this court." [DE 18-1 at 68.[1]]

On remand, with the case back in the bankruptcy court, Carrington decided to voluntarily convert his bankruptcy from Chapter 13 to Chapter 7. This occurred on December 30, 2019. At that point, the case was transferred from Bankruptcy Judge Lindquist to Bankruptcy Judge Ahler.

A couple months later, Carrington filed a Motion to Avoid Lien ("Entireties Avoidance Motion"), which is currently the issue of this appeal. Davis opposed the motion. Judge Ahler heard oral argument from the parties on this motion on May 18, 2022. A couple weeks later, Carrington filed a Motion to Avoid Lien claiming the Davis Judicial Lien impairs *both* the Entireties Exemption (which he had already argued) and, for the first time, the Homestead Exemption. Judge Ahler held a pre-hearing conference on the Homestead Avoidance Motion on August 2, 2022, where he decided

---

[1] DE 18-1 is the Appellee's Supplemental Appendix and will be cited to by the Court because it is comprehensive and the pages are numbered sequentially. The Court refers to the page number at the top right of each page.

3

to hold in abeyance the issue of the Homestead Exemption until after the Entireties Avoidance Motion was decided. Everyone agreed with this approach. [DE 18-1 at 47.]

Eventually, Judge Ahler issued his memorandum and order granting the motion to avoid the judicial lien under § 522(f). The focus of his opinion was on the entireties exemption. It is this order that is being appealed. I held an oral argument in this matter on February 1, 2024, at which Davis appeared telephonically and counsel for the Debtor appeared in person. At the conclusion of the hearing, I announced my decision to affirm the decision of the bankruptcy court with a written opinion to follow. This is that opinion.

## Discussion

In reviewing a bankruptcy court's decision pursuant to 28 U.S.C. § 158(a), the district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling. Fed. R. Bankr. P. 8013. The standard for review of bankruptcy court decisions depends upon the issue being reviewed. Findings of fact are upheld unless clearly erroneous, but legal conclusions are reviewed *de novo*. *Id*.; *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009). Because Davis only raises a question of law, the standard of review here is *de novo*.

**I.       Motion to Strike**

Before we get to the heart of the dispute, I first have to resolve Davis' motion to strike the Debtor's supplemental appendix. [DE 20.] Davis disputes the filing of the supplemental appendix, claiming the materials were not timely designated pursuant to

4

Fed. R. Bank. P. Rule 8009(a)(2). [DE 20 at 2.] Davis himself filed an "Appendix" but it was not numerically numbered, thus making it difficult to reference. Practically speaking, the Debtor's submission is the easiest thing for the court to cite.

To the extent Carrington claims there are a few things in the Supplemental Appendix that aren't in the appellate record (like an excerpt from a Seventh Circuit Order, amended schedules, and Amended Schedule C), these materials are relevant to the instant dispute and I decline to strike them from the record. Therefore, the motion to strike is denied.

**II.     Judge Brady's Decision**

First, the Debtor invites me to revisit Judge Brady's decision, arguing she was incorrect in her ruling that Davis had a future contingent interest in the Debtor's Property, and that a lien attached to that interest. He argues that given cases like *Warsco v. Creditmax Collection Agency, Inc.*, 56 F.4th 1134 (7th Cir. 2023), and consideration of Indiana law, Judge Brady was incorrect in her earlier ruling, and the Property should really be treated as unsecured. Even though this issue was not discussed by Judge Ahler since he was bound by the remand order from District Judge Brady, Carrington may now defend the judgment on all grounds preserved below. *Foss v. Bear, Sterns & Co., Inc.* 394 F.3d 540, 542 (7th Cir. 2005). And this issue was plainly preserved when Carrington previously attempted to appeal the issue to the Seventh Circuit. So the matter is properly before me.

When this case first hit my docket, I was surprised to learn that our district does

5

not have a local rule requiring that multiple appeals from the same bankruptcy case be assigned to the same district judge. (I intend on proposing such a rule to our Local Rules Committee in the near future.) In any event, with the case properly before me under our present assignment system, I must now review the earlier opinion of Judge Brady.

The first question is whether the law of the case doctrine precludes review of Judge Brady's opinion. "The phrase 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, . . . expresses the practice of courts generally to refuse to reopen what has been decided." *Messenger v. Anderson*, 225 U.S. 436, 444 (1912). In other words, "[t]he doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit." *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995). Of course, the law of the case doctrine "is not an immutable concept," *Walsh v. Mellas*, 837 F.2d 789, 796 (7th Cir. 1998), and I don't have to follow it where there are certain exceptional circumstances. *Evans v. City of Chicago*, 873 F.2d 1007, 1014 (1989). For example, when new evidence mandates a ruling contrary to a prior order, controlling authority rendered since a court's original decision requires reconsideration of an order, or a prior decision in a case "was clearly erroneous, and would work a substantial injustice" if allowed to stand. *Id.* In this case, Davis basically argues that Judge Brady's decision was clearly erroneous, and also hints that there is new controlling authority that mandates another outcome.

6

With all due respect to Judge Brady, I agree with the Debtor Carrington that her decision that the claim was secured was clearly incorrect. Let's look at her decision. She found:

> Here, the lien was on Debtor Carrington's contingent future interest in the Real Estate. The Bankruptcy Court held that the interest "would affix thereto upon any future severance of the entireties Real Estate whereby the Debtor may subsequently acquire sole title thereto by survivorship, or where he would have a joint interest therein as a tenant in common upon any subsequent severance." Only then might the judgment affix to what the Debtor had acquired. Thus, there was no existing *in rem* claim with any present value.
>
> This Court does not agree, entirely. The lien could not attach to the property itself while it was held in the entirety. *See Mid-West Fed. Sav. Bank v. Kerlin*, 672 N.E.2d 82, 86 (Ind. Ct. App. 1996). But, as the parties all seem to recognize, the Davis Creditors properly recorded a judgment, which was necessary for the creation of a lien. Further, Debtor Carrington had an individual interest in the Real Estate, even if it was only a future contingent interest. That interest had entered the bankruptcy estate. In the course of the bankruptcy, the Davis Creditors filed a proof of claim for the amount of the judgment lien. Thus, they made a claim that was "secured by a lien on a property in which the estate has an interest." 11 U.S.C. § 506(a)(1). By definition, then, the Davis Creditors have a secured claim within the bankruptcy proceeding - to the extent of the actual value of the collateral.

[DE 18-1 at 65.] Judge Brady went on to reason that while "this approach may seem simplistic, there has been no adequate explanation why it is not accurate." *Id.*

But there *is* an easy reason why this approach does not work. Indiana judgment lien law establishes "[a]ll final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction in Indiana, whether state or federal, constitute a lien upon real estate and chattels real *liable to*

7

*execution* in the county where the judgment has been duly entered and indexed in the judgment docket as provided by law . . . ." I.C. 34-55-9-2 (emphasis added). This is the point - a future contingent interest in a property held as tenants by the entirety is *not* a lien "liable to execution" because there is really nothing to *execute upon*.

It is well established that the Entireties Exemption in Indiana prevents a judgment against one spouse from affixing as a lien to property held as tenants by entirety. *In re Paeplow*, 972 F.2d 730, 733 (7th Cir. 1992) (creditors "cannot execute on entirety property without first obtaining a judgment against both spouses"); *Enloe v. Franklin Bank & Trust Co.*, 445 N.E.2d 1005, 1009 (Ind. Ct. App. 1983) (finding in Indiana "[a]n estate by the entireties is immune to seizure for the satisfaction of the individual debt of either spouse."). The Indiana Supreme Court, in *Underwood v. Bunger*, 70 N.E.3d 338, 342-43 (Ind. 2017), explained entireties law as follows:

> Once an entireties estate has vested, each spousal tenant "becomes seized of the entire estate, but neither is seized of any divisible part thereof." *Kilgore v. Templer*, 188 Ind. 675, 682 (1919) . . . An essential trait of this tenancy is that it "devolves upon the surviving spouse the ownership of the property in real estate, free and clear of the individual indebtedness of the other spouse." *Whitlock v. Public Service Co. of Ind.*, 239 Ind. 680, 159 N.E.2d 280, 284 (1959). When one spouse dies, the survivor, "being already seized of the whole, can acquire no new or additional interest" due to the survivorship. *Kilgore*, 188 Ind. at 682, 125 N.D. at 459. Rather, the survivor "holds the entire estate, not by virtue of any right which he acquires as survivor, but by virtue of the original grant." *Id.*

Although Judge Brady relied upon the Seventh Circuit case of *In re Jaffe*, 932 F.3d 602 (7th Cir. 2019), in finding Davis had a secured claim, her reliance on this case was misplaced. While that case dealt with Illinois exemption law, imperatively, *Jaffe* also

8

pointed out the material difference between the Illinois and Indiana tenancy by the entirety exemption statutes:

> The main protection that Illinois law provides tenants by the entirety is that a creditor is unable to force the sale of the property to collect a debt against only one of the tenants. 735 ILCS 5/12-112 (2014). Illinois law does not make all interests held by tenants by the entirety immune from process and we need not look hard for a state that does - *Indiana law exempts "any interest the judgment has in real estate as a tenant by the entireties."* Ind. Code § 34-2-28-1(a)(5); *In re Paeplow*, 972 F.2d 730, 737 (7th Cir. 1992). Illinois law explicitly refuses to exempt income from entirety properties and fails to provide an exemption for the contingent future interests. 765 ILCS 1005/1c.

*Jaffe*, 932 F.3d at 609 (emphasis added). Judge Brady failed to recognize the distinction between the Illinois and Indiana exemption law spelled out in *Jaffe*.

This fundamental misunderstanding is further demonstrated by the recent case of *Warsco v. Creditmax Collection Agency, Inc.*, 56 F.4th 1134 (7th Cir. 2023). While *Warsco* is not squarely on point, and I think I would have to hesitate as qualifying it as controlling authority issued after Judge Brady's opinion, it does give additional credence to my resounding feeling that Judge Brady's decision was incorrect. *Warsco* dealt with the admittedly different factual scenario of a garnishment order and whether in the bankruptcy context that state court garnishment order issued more than 90 days before the debtor filed his bankruptcy petition was an avoidable preference payment. Frankly, I find the terse *Warsco* opinion a little cryptic, but the Seventh Circuit seems to hold that under federal law, the date of "transfer" is the time when the money passes to the creditor's control and that only the date of payment matters when defining a

9

transfer under section 547. *Id.* The Debtor in this case argues that similarly, the date of the affixing of a judicial lien is the date when the entireties tenancy is broken and the property is transferred into a debtor's individual name or to the debtor as a tenant in common. [DE 18 at 15.] The lien does not attach with the recording of the judgment, it is the transfer date, or when the entireties is severed, that matters. *Id.* I understand the Debtor's analogy, but because *Warsco* is so different factually, I do not put as much stock in that case as the Debtor does. Nevertheless, due to the reasons I expounded on before, I do find that Judge Brady erred when she held that the Debtor's future contingent interest in the Property was a secured claim.

As noted above, Judge Ahler did not revisit Judge Brady's decision as he was bound by it. But when the case was remanded to him, he determined that there was yet another reason to rule in Carrington's favor. It is that basis that I take up next.

### III. Judge Ahler's Decision

Davis argues that Judge Ahler failed to consider the fair market value of the property in determining whether to avoid the judicial lien. Davis claims this procedural failure infects the decision. In response, Carrington claims the Bankruptcy Court properly determined the Davis judicial lien was avoidable under section 522(f). Once again, I agree with Carrington.

In analyzing the scope of the Indiana Entireties Exemption, Judge Ahler reasoned as follows:

> In application of this statute, the Court finds that the exemption applies to Debtor's contingent future interest in the Property. Such

10

>a broad reading of § 34-55-10-2(c)(5) is not completely unsupported. In *In re Jaffe*, 932 F.3d 602 (7th Cir. 2019), the Seventh Circuit Court of Appeals had to decide whether a judicial lien that attached to a contingent future interest of a debtor in real estate, held as tenants by the entireties, impaired an exemption to which the debtor was entitled under Illinois law. *Jaffe*, 932 F.3d at 607. In holding that the lien did not impair an exemption to which the debtor was entitled under Illinois law, the Court of Appeals reasoned that because Illinois law does not make all interests held as tenants by the entireties exempt, a contingent future interest was not exempt from process. *Id.* at 609. Importantly, the court of appeals further explained that "we need not look hard for a state that does - - Indiana law exempts 'any interest the judgment has in real estate as a tenant by the entireties.'" *Id.* (citing Indiana's prior entireties exemption statute Ind. Code § 34-2-28-1(a)(5)).

[Ahler Order, DE 18-1 at 19.]

Recall that Debtor Carrington filed the Entireties Avoidance Motion in Bankruptcy Court, claiming the Davis Judicial lien was avoidable under section 522(f). This section provides:

>(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>
>>(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

11 U.S.C. § 522(f). Davis' appeal is based upon his claim that the Bankruptcy Court erred in not requiring evidence of: (1) the mortgage lien or other liens on the Property as of the Petition Date; (2) the value Debtor's contingent future interest would have in the absence of any liens as of the Petition Date; or (3) all elements necessary to avoid the judicial lien, including valuation, in concluding that the Davis Judicial Lien impairs the

11

Entireties Exemption and is avoidable under § 522(f).

It is absolutely true that the Bankruptcy Court did not provide a breakdown of its lien avoidance calculation or any valuation of the Property. However, it didn't need to. Because the Entireties Exemption covers the entire interest the Debtor has in the Property (including any future contingent interest in the Property), the valuation has no relevancy. In other words, the Entireties Exemption is not limited in its reach. The calculation will always come back as the entire judicial lien is avoidable, so it really doesn't matter what the value of the Property is or the amount of other liens on the Property. Whether the Property was valued at 1 million dollars or one dollar, the Davis Judicial Lien would still be avoidable because 100% of the Debtor's future contingent interest in the Property is exempt.

What's more, Judge Ahler actually stated during a hearing on the record that he felt he didn't need to address the Homestead Avoidance Motion yet, conceding that if he did reach that issue "we have to then confront or address Judge Brady's opinion, and we also probably need to be having a homestead valuation evidentiary-based hearing." [DE 18-1 at 96.] Neither party had any objection to putting off any determination of the homestead exemption and not holding a valuation hearing at that point in time. It thus seems disingenuous for Davis to make the cornerstone of his appeal the fact that Judge Ahler did not conduct a valuation in regard to the Entireties Avoidance Motion.

One more point: during oral argument, I brought up the practicality of all of this. Although the value of the Property was not determined by Judge Ahler, Schedule A of

12

the Bankruptcy filing lists the Property with a value of $370,000, Schedule D lists a mortgage with a balance of $368,385 as of the Petition Date, Schedule C claims as exempt $370,000 under the Entireties Exemption (or 100% of the value of the Property) and $19,300 under the Homestead Exemption. [DE 18-1 at 69, 75, 76, 90.] Thus, this information was readily at hand. Since Davis' lien would be behind a first mortgage in order of priority, I asked at the hearing: what is the point of fighting over a lien in a future contingent interest that might not ever come into being, but if it did it would be worth less than $2,000? Davis didn't have much of a response. All of which is to say that Davis appears to be spending his valuable time in a quixotic effort that is likely to yield him nothing. In all events, Judge Ahler's ruling was correct.

## Conclusion

For the reasons set forth above, I agree with the Bankruptcy Judge's reasoning set forth in his Memorandum Opinion and Order [Bankr. Case 17-21208, DE 282] and AFFIRM the Bankruptcy Court's order dated April 5, 2023, granting the Debtor's motion to avoid the lien. Additionally, the Motion to Strike [DE 20] is DENIED.

SO ORDERED.

ENTERED: February 14, 2024.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**